■ SIDNEY LEVINSTIM, Respondent, v. COLLINS TUTTLE AND COMPANY, INC., et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered February 21, 1962 in New York County, which denied a motion by defendants for an order dismissing the first cause of action against the corporate defendant and the second cause of action against all defendants.

Order, so far as appealed from, entered on February 21, 1962, affirmed.

EAGER, J. (dissenting in part). I dissent, as to the second cause of action, which I would hold to be insufficient. The action is brought by a real estate broker, and the second cause is maintained on the theory of an alleged conspiracy. This alleged cause is grounded upon allegations that the defendants conspired "to procure the services of the plaintiff without paying therefor" and with the intent solely to use the same (such services) for the purpose of inducing a "first refusal" optionee to take up his option and purchase the subject premises. These allegations, however, do no more than charge the defendants with intent to breach their contract; and it is well-established doctrine that a party to a contract does not have a cause of action against other contracting parties for a conspiracy to breach the agreement between them. A conspiracy to breach contractual obligations does not constitute an independent cause of action. (8 N. Y. Jur., Conspiracy, § 16, p. 514 and cases cited; also *Bereswill* v. *Yablon,* 6 N Y 2d 301.)

In any event, a conspiracy to commit an actionable wrong (here, a breach of contract) is not in itself a cause of action. "The gravamen of a conspiracy is fraud and damage and not the conspiracy. The allegation and proof of a conspiracy are only important to connect a defendant with the acts and declarations of his co-conspirators where otherwise he could not have been implicated" (*Glaser* v. *Kaplan,* 5 A D 2d 829, 830).

Here, in my opinion, there is no showing of fraud and damage as a basis for an alleged conspiracy cause. Certainly, there was no duty upon the defendants to reveal to the plaintiff the existence of the "first refusal" option. An owner retaining a broker to procure a purchaser for premises is not bound to disclose to him the presence of incumbrances, if any, which may exist against the same. Of course, his inability, due to the undisclosed incumbrances, to complete a contract for the sale of the premises, may render him liable to the broker for breach of contract. But, absent a showing of misrepresentation or other fraudulent conduct, the cause of action for breach of contract may not be bootstrapped into a tort cause of action by allegations of a mere failure to reveal the existence of incumbrances.

The second alleged cause is not helped by the further allegations to the effect that the defendants benefited from plaintiff's services in that by virtue thereof they were able to induce the "first refusal" optionee to purchase the premises and that this benefit was obtained by them without paying for the services. Apparently, the defendants were contractually bound to honor the "first refusal" option, and upon same not being released, their compliance with the option was lawful and proper. Lawful acts may not form the basis for a conspiracy cause, and even a malicious motive does not render unlawful acts which in themselves are lawful (*Beardsley* v. *Kilmer,* 236 N. Y. 80, 88).

So, the defendants' acts being lawful, their intent to use plaintiff's services in a manner not contemplated by plaintiff, if this be an unfair motive, and the resulting lawful benefit to defendants, do not establish a conspiracy cause. True, if defendants engaged plaintiff's services, they should not have the benefit of them without paying therefor, but on the showing here, their liability therefor rests on breach of express contract or in *quantum meruit* and not in tort.

Rabin, J. P., McNally and Steuer, JJ., concur in decision; Eager, J., dissents in part in opinion, in which Valente, J., concurs.

Order, so far as appealed from, entered on February 21, 1962, affirmed, with $20 costs and disbursements to respondent.